

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEFFREY D. CALVERT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0057 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME BARRED

On March 18, 2008,[1] petitioner JEFFREY D. CALVERT filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody wherein he challenges his state court conviction and sentence. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application is time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and should be DISMISSED.

### I.
### PROCEDURAL HISTORY

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), pursuant to a judgment out of the 69th Judicial

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing").

District Court in Moore County, Texas. On October 10, 1994, petitioner was convicted of aggravated sexual assault and sentenced to 40 years confinement.[2] Petitioner did not appeal his conviction or seek discretionary review. On February 1, 2008, petitioner filed an application for a state writ of habeas corpus. *Ex parte Calvert*, App. No. WR-67,385-03. On February 20, 2008, petitioner's application was denied without written order. On March 18, 2008, petitioner filed the instant habeas application.

## II.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

---

[2] According to TDCJ offender information records, petitioner was also convicted of burglary of a habitation and sentenced to five years confinement on October 10, 1994. By his application, petitioner does not appear to be seeking any relief from that conviction.

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was convicted of aggravated sexual assault on October 10, 1994. Because petitioner's conviction occurred prior to the August 24, 1996, effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), petitioner had a one-year grace period after the effective date—until August 24, 1997—to file his federal habeas petition. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) ("A habeas petitioner whose claims otherwise would have been time-barred because the limitations period would have expired before the effective date of AEDPA have a grace period until April 24, 1997, to file their habeas petitions.") (citing *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998)). Petitioner did not do so, waiting more than ten years after the expiration of the grace period to file his federal petition. Consequently, petitioner's federal habeas application is time barred. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

# III.
# RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner JEFFREY D. CALVERT be DISMISSED.

# IV.
# INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of March 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United

States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).