

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEFFREY D. CALVERT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0057 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY MOTION FOR RECONSIDERATION

On May 12, 2008, petitioner filed a Motion for Reconsideration in which he requests reconsideration of the April 24, 2008 order adopting the Report and Recommendation to deny petitioner's habeas corpus application as time barred. It is the opinion of the undersigned United States Magistrate Judge that petitioner's motion should be DENIED.

Petitioner first contends he would have filed his habeas corpus petition within the statutory time limits of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) if he would have known about them. Petitioner alleges the Texas Department of Criminal Justice–Institutional Division did not notify him of the AEDPA's time limitations. Petitioner has not shown, however, that he was denied, at any point, a copy of the AEDPA or that it was unavailable to him. "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing" as required by the AEDPA. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Petitioner does not state when he learned of the AEDPA, but the Court notes he waited for more than ten years after his conviction became final to file any habeas petition.

Petitioner next contends the AEDPA limitations should not apply because he is actually innocent. Under *Murray v. Carrier*, a petitioner can overcome a procedural bar, such as the statute of limitations, if he or she can demonstrate "a constitutional violation has probably resulted in the conviction of one who is actually innocent." 477 U.S. 478, 496, 106 S. Ct. 2639, 2649, 91 L. Ed. 2d 397 (1986). In order to urge this exception, the petitioner must supplement his or her claim with a "colorable showing of factual innocence." *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S. Ct. 1454, 1471, 113 L. Ed. 2d 517 (1991). This "requires a showing by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Noble v. Johnson*, 127 F.3d 409, 423 n. 33 (5th Cir. 1997) (internal quotation omitted). In the instant case, petitioner does not make a colorable showing of actual innocence. He provides absolutely no specific facts of innocence, but merely offers his own speculation that the victim of the crime to which he pleaded guilty will recant.

Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that petitioner's motion for reconsideration be DENIED.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 10th day of February 2009.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).